**DISMISS and Opinion Filed March 18, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01421-CV

**STEFNANDI E. DRAKE, Appellant**

**V.**

**RAKHEE P. SHARMA, PAWAN R. SHARMA, 7-ELEVEN INC., TEXAS LOTTERY COMMISSION, GARY GRIEF, AND MAVIS L. WANCZYK, MULTI-STATE LOTTERY ASSOCIATION, Appellees**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-05212-C**

## MEMORANDUM OPINION

Before Justices Myers, Whitehill, and Pedersen, III
Opinion by Justice Whitehill

Stefnandi E. Drake, a vexatious litigant subject to a prefiling order, filed this appeal without permission from the appropriate local administrative judge. *See* TEX. CIV. PAC. & REM. CODE ANN. §§ 11.001(2), 11.101(a), 11.102. Pursuant to section 11.1035 of the civil practice and remedies code, we stayed the appeal and ordered Drake to file the required order permitting the appeal. *See id.* § 11.1035(b).

In response, Drake filed an order permitting the appeal signed by Dallas County's Local Administrative District Judge Carter Thompson. The underlying

suit, however, was filed in county court, and Dallas County's local administrative county judge at the time was the Honorable Angela King. *See* TEX. GOV'T CODE ANN. § 25.0591(a) (identifying Dallas County civil statutory county courts); § 74.0911(b) (providing for local administrative statutory county court judge in county with two or more statutory county courts).

On January 30, 2020, we ordered Drake to obtain an order from Judge King permitting the appeal and cautioned him that the appeal was subject to dismissal unless he complied by February 10, 2020. *See* TEX. CIV. PRAC. REM. CODE ANN. § 11.1035. Relying on a repealed provision of section 11.001 defining "local administrative judge" to mean "a local administrative district judge, a local administrative statutory probate court judge, or a local administrative statutory county court judge," Drake filed a response asserting the order signed by Judge Carter was valid because any three of the identified local administrative judges could sign a prefiling order.[1] *See* Act of May 26, 1997, 75th Leg., R.S., Ch. 806, § 1, 1997 Gen. Laws 2634, amended by Act of June 29, 2011, 82nd Leg., 1st C.S., Ch. 3, § 9.01, 2011 Gen. Laws 5247 (repealed 2013). Section 11.102 of the current civil

---

[1] Drake also asserted Judge King could take no action because he filed a motion to recuse her. *See* TEX. R. CIV. P. 18a(f)(2). A review of Drake's second amended motion to recuse and disqualify Judge Sally Montgomery and Judge Angela King reveals his argument as to Judge King was twofold: (1) she lacks jurisdiction to take any action because Judge Carter is the appropriate local administrative judge; and, (2) she is incompetent. Under the rules, the motion as to Judge King did not constitute a motion for recusal and did not prevent Judge King from taking any action. *See* TEX. R. CIV. P. 18a, 18b; *State Bar v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (substance of pleading, not just title given to it, determines pleading's nature).

practice and remedies code, however, specifically provides that, subject to an exception not applicable here, permission must be obtained from "the local administrative judge of the *type of court* in which the vexatious litigant intends to file." *See id.* § 11.102 (emphasis added).

Because the underlying suit was filed in county court and Drake has failed to obtain permission from the local administrative *county* judge, we dismiss the appeal and all pending motions. *See id.* § 11.1035.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

191421F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STEFNANDI E. DRAKE, Appellant

No. 05-19-01421-CV      V.

RAKHEE P. SHARMA, PAWAN R. SHARMA, 7-ELEVEN INC., TEXAS LOTTERY COMMISSION, GARY GRIEF, AND MAVIS L. WANCZYK, MULTI-STATE LOTTERY ASSOCIATION, Appellees

On Appeal from the County Court at Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-19-05212-C.
Opinion delivered by Justice Whitehill, Justices Myers and Pedersen, III participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

Judgment entered March 18, 2020.